Filed 7/30/15  P. v. Fields CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062738 |
| v. | (Super.Ct.No. FSB031024) |
| THEODORE ROOSEVELT FIELDS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Theodore Roosevelt Fields appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

1

Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] Defendant filed a notice of appeal on January 22, 2015. We affirm.

<u>PROCEDURAL BACKGROUND</u>

A jury convicted defendant of first degree residential robbery (§ 211, count 1) and first degree residential burglary (§ 459, count 2).[2] Following a bifurcated trial on defendant's prior convictions, the trial court found that he had served five prior prison terms (§ 667.5, subd. (b)) and had four prior serious or violent felony convictions, within the meaning of sections 1170.12, subdivisions (a) through (d), 667, subdivisions (b) through (i), and section 667, subdivision (a)(1). The court denied defendant's motion to strike the prior convictions, pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court then sentenced defendant to a total indeterminate sentence of 40 years to life in state prison.

On November 10, 2014, defendant filed a petition for resentencing under section 1170.126. The court denied the petition since defendant's current convictions were for the serious felonies of robbery (§ 211) and first degree residential burglary (§ 459), which made him ineligible for resentencing. (§§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(18) & (19).)

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] Defendant was also charged with kidnapping to commit another crime (§ 209, subd. (b)(1), count 3), another count of first degree residential robbery (§ 211, count 4), and another count of first degree residential burglary (§ 459, count 5). The court declared a mistrial as to those counts.

On January 21, 2015, defendant filed a notice of appeal, in propria persona. The following day, counsel filed a notice of appeal on defendant's behalf.

## ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether the court properly determined that defendant was ineligible for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

3